UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD DEBRECHT,

                Plaintiff,

                                                                                   **Hon. Hugh B. Scott**

                v.

                                                                                    05CV410S

                                                                                    **Order**

UNITED STATES OF AMERICA,

                Defendant.
_____

Before the Court is its own Order to Show Cause (Docket No. 13) why plaintiff's counsel, G. Peter Higgins ("Higgins"), should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) for failing to appear as ordered for a Scheduling Conference on December 7, 2005, at 3:15 pm, before the undersigned (Docket No. 11). This case was referred to the undersigned for pretrial matters on October 18, 2005 (Docket No. 10). This Show Cause Order gave parties until December 20, 2005, to file papers in response to the Order and the Order will be deemed submitted (without a hearing) as of December 22, 2005 (Docket No. 13).

**BACKGROUND**

This action is a medical malpractice claims against the United States for plaintiff's treatment in Veterans Affairs Medical Centers. Higgins, an attorney admitted to practice before this Court, appeared alone as counsel of record for plaintiff (see Docket No. 1, Compl.). Plaintiff later filed an Amended Complaint (Docket No. 7) signed by Higgins with Spohrer Wilner Maxwell & Matthews, P.A., of Jacksonville, Florida, Chad S. Roberts, Esq., listing as co-counsel

(id. at 9). Roberts did not sign the pleading, cf. Fed. R. Civ. P. 11(a), and did not make a formal appearance as co-counsel and is not a member of the bar of this Court.

The Scheduling Conference was set for December 7, 2005, at 3:15 pm (see Docket No. 11). At 2 pm on that day, Mr. Roberts' office contacted Chambers and reported his intention to appear at the Scheduling Conference by telephone and that he was going to apply for pro hac vice admission to practice before this Court (see Docket No. 12). It was presumed that plaintiff's counsel of record, Higgins, would appear at the Scheduling Conference and, as a courtesy to co-counsel Roberts, the Court would call Roberts when the conference was started and participate while awaiting formal pro hac vice admission. Cf. W.D.N.Y. Loc. Civ. R. 83.2(a)(requiring out of town counsel of record to have local counsel of record, unless waived by the Court). Higgins did not appear or notify the Court of his intention not to appear. Chambers left a telephone message with Higgins' office inquiring whether he planned to attend the conference and chambers inquired of defense counsel, Assistant U.S. Attorney Mary Roach, whether she expected Higgins' appearance. Roach said that she was dealing with Roberts (including sending him the copy of defendant's proposed Scheduling Order) and she did not expect Higgins to appear. Roach appeared for the Scheduling Conference. Since Higgins was the sole counsel of record for plaintiff and the only counsel currently admitted to practice before this Court, Roberts was not contacted and the conference was cancelled (Docket No. 12). The Court rescheduled the Scheduling Conference for January 17, 2006 (Docket No. 14).

Higgins called Chambers on December 8, 2005, to apologize and stating that he thought the representation issue was resolved between Roberts and Roach.

The Court then issued the Order to Show Cause (Docket No. 13). Defendant responded to the Show Cause Order and recommended that no sanction be imposed against Higgins (Docket No. 15). Commenting on this procedural history, defense counsel argues that Roberts attempted to participate by telephone and, when this was denied and Higgins failed to appear, Higgins later apologized for his non-appearance (id. at 2). Defense counsel characterizes this as "Mr. Higgins' isolated and apparently inadvertent failure to comply with the court's order" (id. at 2-3).

Plaintiff's counsel has not responded to this Order to Show Cause.

## DISCUSSION

Under Federal Rule of Civil Procedure 16(f), "if a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B) [claim preclusion], (C) [strike pleadings], (D) [treating as contempt of court]." The Court has other sanctions at its disposal, including imposing fines payable into the Court, see Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-96 (8th Cir. 2001) (holding Rule 16(f) authorizes fines); Pereira v. Narragansett Fishing Corp., 135 F.R.D. 24, 26 (D. Mass. 1991); see also Harrell v. United States, 111 F.R.D. 86, 87 (E.D.N.C. 1987); Smith v. Rowe, 761 F.2d 360, 366 (7th Cir. 1985), and imposing a reprimand, 3 Moore's Federal Practice § 16.92[1], at 16-225 to -228 (3d ed. 2001).

The purposes for Rule 16(f) sanctions are "to encourage forceful judicial management," Advisory Comm. Notes, 97 F.R.D. 165, 213 (1983), of cases; to enforce compliance with

3

procedural rules; to punish noncompliance; and to compensate opposing parties for the inconvenience and expense involved in noncompliance, see 3 Moore's Federal Practice, supra, § 16.90[1], at 16-213 to -214.

Courts have sanctioned parties and their counsel for failing to appear at a scheduled settlement conference, see Ayers v. Richmond, 895 F.2d 1267 (9th Cir. 1990) (sanction against attorney); Cuyos v. Texas Mobile Health, Inc., 10 F. Supp.2d 750, 752-53 (S.D. Tex. 1998) (fining assistant attorney general $100, less than standard $250 fine, for failing to appear at scheduling conference in multiparty action); Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone Inc., 275 F.3d 762 (9th Cir. 2001) (sanction against absent party). But imposition of such sanctions must comply with due process, that is adequate notice and a prior hearing before sanctions are imposed. Newton v. A.C. & S., Inc., 918 F.2d 1121, 1127-29 (3d Cir. 1990). The Court has discretion to impose such sanction as is just for the situation. See 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1531, at 308 (2d ed. 1990), at 80 & n. 23 (Supp. 2004). The Court need not find that a party acted in bad faith in deciding whether sanction is warranted, 6A Federal Practice and Procedure, supra, § 1531, at 316 (2d ed. 1990). The Court need not impose a sanction even after finding that a violation has occurred, see 3 Moore's Federal Practice, supra, § 16.91[1], at 16-223 & n.4. Sanctions of expenses associated with the violation must be imposed unless noncompliance was substantially justified. 3 Moore's Federal Practice, supra, § 16.91[2][b], at 16-224; Fed. R. Civ. P. 16(f). The Court should consider the least severe sanction that adequately deters and punishes the sanctioned party, see 3 Moore's Federal Practice, supra, § 16.92[5][b][I], at 16-242; see White v. General Motors Corp., 908 F.2d 675, 684 (10th Cir. 1990), cert. denied, 498 U.S. 1069 (1991).

Here, plaintiff's current sole counsel of record, Higgins, failed to appear or participate in the Scheduling Conference, causing its cancellation. Higgins did not tell the Court his intentions about appearing at this conference or representation of his client generally. He had notice of this conference from the Court's Order (Docket No. 11). The only notice of Roberts' possible participation was a telephone call about one hour before the conference seeking to make those arrangements. Since Roberts was not counsel of record, he was not yet under the Court's jurisdiction.[1] Only belatedly did Higgins communicate with the Court about missing the conference. The Court had to reschedule the conference (to January 17, 2006, Docket No. 14) despite the fact that it had a proposed schedule and could have issued an Order almost immediately following the conference. Higgins did not respond to this Order to Show Cause.[2]

Despite defense counsel's willingness to treat both Higgins and Roberts as plaintiff's counsel[3], insofar as the Court was (and presently is) concerned, the only counsel of record for plaintiff is Higgins. Higgins relied upon the actions of apparent co-counsel Roberts to bring Roberts into the case and to phase out or reduce Higgins' role to the point of allowing Higgins to miss the Scheduling Conference; but Higgins as the sole counsel of record had the obligation

---

[1] Roberts has applied for pro hac vice admissions, Docket No. 16, and, once that application is granted, he would become obliged to follow this Court's Orders, see W.D.N.Y. Loc. Civ. R. 83.1(i), (b)(5) (applicant for admission familiar with rules), 83.2(a) (appearance by attorney without office in this District requires local counsel).
  Practice before the undersigned disfavors such causal, eleventh-hour telephone calls requesting special handling of pending conferences, see Chambers Guidelines for Magistrate Judge Scott (available from Court's website).

[2] Roberts also has not responded to this Order to Show Cause.

[3] Although defendant only serves Higgins with copies of papers, see, e.g., Docket No. 15, certificate of service for motion responding to Order to Show Cause.

either having Roberts file a notice of appearance and application for pro hac vice admission well prior to the Scheduling Conference or plaintiff file a notice of substitution of counsel or to timely request an adjournment of that conference to allow any of the previously mentioned actions to occur. Higgins erred in assuming that either of these things happened without his further action and deciding not to appear at the conference.

While the Court could accept Higgins' apology and defendant's suggestion of not sanctioning counsel for the missed appearance, the delay in moving this case forward and this apparent inaction gives pause to affording Higgins that relief. He violated Rule 16(f) by not appearing at the conference, the question remains what type of sanction should that nonappearance warrant. Plaintiff's significant medical malpractice and other tort claims may be prejudiced by this brief delay and, more importantly, by the doubt now cast upon who represents him in this action.

The sanctions available of striking pleadings or preclusion or contempt (cf. 28 U.S.C. § 636(e) (limits on Magistrate Judges's contempt authority), however, are extreme and ultimately hurt plaintiff rather than the non-appearing counsel. There is nothing in the record to indicate that plaintiff instructed Higgins not to appear. Defense counsel, representing the United States government, has not apprised the Court of her expenses in making the appearance at the eventually cancelled conference; instead, she argues for the court to decline to impose a sanction (see Docket No. 15). Thus, the costs that resulted from Higgins' nonappearance may be non-existent or their imposition may not fully reflect the harm caused. A fine paid into the Court may be seen as approaching contempt and possibly beyond the jurisdiction of a Magistrate Judge. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41-42 (4th Cir. 1995); 28 U.S.C. § 636(e).

As a result of the foregoing, in exercising this Court's discretion, Higgins is sanctioned for his nonappearance on December 7, 2005; he is to be reprimanded for his nonappearance.

Plaintiff is expected to have counsel of record present at the rescheduled Scheduling Conference of January 17, 2006, and that counsel or would-be counsel of record is expected to do whatever is necessary to make them fully counsel of record (such as previously described for Roberts' appearance) as of that conference. As indicated in the Order scheduling that conference, it will <u>not</u> be conducted by telephone; all counsel are expected to be present before the undersigned on that date (Docket No. 14) including local counsel of record if Roberts' application for admission <u>pro hac vice</u> is granted.

## CONCLUSION

For the reasons stated above, upon this Court's Order to Show Cause (Docket No. 13) that plaintiff's counsel of record, G. Peter Higgins, show cause before this Court on December 22, 2005, why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), and upon the parties' submissions on this Order, the Court orders G. Peter Higgins to **be reprimanded for his absence from the December 7, 2005, Scheduling Conference.**

So Ordered.

/s/ Hugh B. Scott<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      December 23, 2005